MARIE D. ROBINSON *vs.* MUTUAL LIFE INSURANCE COMPANY.

Bristol.    October 25, 1897. — February 28, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Appeal dismissed, as there was no Judgment in Superior Court.*

In this case the appeal was dismissed, on the ground that there had been no judgment in the Superior Court, and there might be reasons why a judgment should not be entered on the finding in that court.

CONTRACT, upon a policy of insurance issued by the defendant. The case was submitted to the Superior Court on agreed facts,

and, after a finding for the claimants in the sum of $1,434, an appeal was taken to this court. The three assignments of the assignor's right, title, and interest in the policy are as follows:

"For one dollar, to me in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged), I hereby assign, transfer, and set over all my right, title, and interest in this policy, No. 34,489, issued by the Mutual Life Insurance Company of New York, to Nancy T. Robinson and my children, of Raynham. Dated in Raynham this 11th day of January, 1869. Enoch Robinson."

"For one dollar, to me in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged), I hereby assign, transfer, and set over all my right, title, and interest in this policy, No. 34,489, issued by the Mutual Life Insurance Company of New York, to James H. Dean of Taunton, in the County of Bristol, and State of Massachusetts, and for the consideration above expressed I do also, for myself, my executors, and administrators, guarantee the validity and sufficiency of the foregoing assignment to the above named assignee, his executors, administrators, and assigns, and their title to the said policy will forever warrant and defend. Dated in Taunton aforesaid this 27th day of January, 1879. Enoch Robinson, administrator of Nancy T. Robinson."

"For one dollar, to me in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged), I hereby assign, transfer, and set over all my right, title, and interest in this policy, No. 34,489, issued by the Mutual Life Insurance Company of New York, to Julia K. Robinson of Raynham, in the County of Bristol and State of Massachusetts, and for the consideration above expressed I do also, for myself, my executors, and administrators, guarantee the validity and sufficiency of the foregoing assignment to the above named assignee, her executors, administrators, and assigns, and their title to the said policy will forever warrant and defend. Dated in Taunton aforesaid this 27th day of January, 1879. James H. Dean."

The other material facts appear in the opinion.

The case was argued at the bar in October, 1897, and afterwards was submitted on briefs to all the justices.

*F. S. Hall*, for the plaintiff.

*L. LeB. Holmes*, for the claimants.

FIELD, C. J.    This is an action against the Mutual Life Insurance Company of New York, brought by Marie D. Robinson, a minor, by her guardian, Julia K. Robinson. She sues to recover one seventh part of ten thousand dollars, with interest, which she alleges is due to her as her share of the money payable on a life insurance policy for ten thousand dollars, issued by the defendant to Enoch Robinson on his life, and made payable " to the said assured, his executors, administrators, or assigns." This one seventh part she declares to amount to $1,434, and to be due to her under an assignment by said Robinson of said policy to Nancy T. Robinson and his children, dated January 11, 1869. The insurance company files a petition or answer, to the effect that $1,434 is due on the policy, and that a claim for this sum has been made by the plaintiff and by four other persons whom it names, and it prays that the court will order said four other persons to appear and be made parties defendant; and it offers to pay this sum of $1,434 into court, and prays that then it may be struck out as a party to the action, according to the provisions of St. 1886, c. 281. It does not appear that the money has been paid into court, or that the defendant in any way has ceased to be a party to the action. Under the statute, the money may remain in the hands of the defendant until final judgment, or may be paid into court to await final judgment. The four persons named as claimants in the answer of the insurance company appear and file their claim, which is that they, as four of the five children of Enoch Robinson living at the time of the assignment by him of January 11, 1869, are entitled by virtue of that assignment to four sixths of the sum of ten thousand dollars, which sum they allege to be due under the policy ; or, if the assignment by him to Nancy T. Robinson, who was then his wife and has since deceased, on her death enured to their benefit, that they, in addition to said four sixths, are entitled to four sixths of one sixth of said sum, and that the plaintiff is entitled to nothing. In this state of the pleadings, the plaintiff and the four claimants, by their attorneys, sign and file in the Superior Court an agreed statement of facts, which recites, among other things, " that there is now

payable under said policy by said company defendant the sum of fourteen hundred and thirty-four ($1,434) dollars," etc. The statement concludes as follows: "If upon the foregoing facts the said Marie D. Robinson [the plaintiff] is entitled to a share in the policy, appropriate entry of judgment is to be made for said Marie for the sum aforenamed [$1,434], otherwise judgment for said amount shall be made for Henry H. Robinson, Amanda L. Haskins, Caroline E. Barney, and Nahum S. Robinson," who are the four claimants. The agreed facts are not signed by or in behalf of the insurance company. The record then contains the finding of the Superior Court as follows: "The court finds for the claimants, and assesses damages in the sum of fourteen hundred and thirty-four dollars"; and then follows the plaintiff's appeal, which is, "Now comes the plaintiff, after finding for the claimants herein on agreed statement of facts, and appeals to the Supreme Judicial Court from the said decision of the Superior Court."

It does not appear that there has been any judgment entered on the finding in the Superior Court, and the appeal, therefore, must be dismissed.

There are some difficulties in entering judgment for the claimants on the agreed statement of facts which the Superior Court may think it necessary or proper to consider. Judgment cannot be entered against the insurance company on the agreed statement of facts if the statement is not signed by or in behalf of that company. The statement of facts does not appear to have been signed by or in behalf of other persons, who, it seems, on the facts agreed, ought to be heard, if the action after the claimants were brought in is to be regarded as of the nature of a suit of interpleader. It ought to be considered whether Julia K. Robinson and the personal representatives of the estate of Enoch Robinson, Jr., who was a child of Enoch Robinson living at the time when the assignment of January 11, 1869, was made, but who has since deceased, should not have an opportunity to be heard. If we were to express any opinion on the case as it stands, we should say that we do not see that the plaintiff has any interest in the money due from the insurance company, because we think that no interest in the policy was conveyed to her by the assignment of January 11, 1869, inasmuch as she was

born long after that assignment was made. At that time the St. of 1864, c. 197, was in force, and it authorized a transfer of such a policy from a husband to his wife, to "enure to her separate use and benefit, and that of her children," etc. See Pub. Sts. c. 119, § 167 ; St. 1894, c. 522, § 73. If the assignments of January 27, 1879, were intended to convey the interest of the estate of Nancy T. Robinson to Dean, and from Dean to Julia K. Robinson, whom Enoch Robinson married after the death of Nancy, then Julia K. Robinson should be made a party. If Nancy's interest on her death went to her children, Julia probably took nothing under these assignments, but she is entitled to be heard.

The plaintiff sues for one seventh part of the ten thousand dollars, because she contends that Julia K. Robinson, the four claimants, and the estate of Enoch Robinson, Jr., are each entitled to a seventh, and that she as an after-born daughter of Enoch Robinson by his wife Julia, is also entitled to a seventh, under the assignment of January 11, 1869. The four claimants contend that by this assignment the interest of the assured was conveyed to themselves and their brother Enoch, Jr., who were all the children of Enoch Robinson living at the time of the assignment, and to their mother, in equal shares, one sixth each. They accordingly claim four sixths of the whole sum of ten thousand dollars, or if the conveyance to Nancy T. Robinson after her death enures to their benefit, four sixths of one sixth in addition to said four sixths, which last claim probably is a mistake for four fifths. The Superior Court has found in favor of the four claimants for the whole sum sued for, which is more than they claim, and more than in any view of the law on the facts as they appear they are entitled to. If more than the $1,434 is due from the insurance company, as seems probable from the statement of the claimants, it ought to be considered what the effect of entering judgment for the four claimants for the whole of this one seventh would be upon their right to recover their shares of the remainder of what is due. It may be doubted whether St. 1886, c. 281, was intended to apply to cases where only a fractional part of the whole amount due is sued for.

Under the policy, the right to sue at law was in the personal representatives of Enoch Robinson. If the insurance company

is liable to be sued at law by the assignees under the assignment of January 11, 1869, it is by virtue of its assent to the assignment, and the implied promise on its part to pay the sum due to the assignees. We doubt whether from this assent a several promise to pay his particular share to each assignee can be implied, and so we doubt whether the plaintiff, if she had been an assignee, could properly maintain an action at law for her share without joining the other assignees as plaintiffs. If the insurance company does not take advantage of the non-joinder of plaintiffs, yet, when the claimants are summoned in and the insurance company offers to pay the money into court, and asks to be struck out as a party to the action, it ought to be considered whether this should be allowed unless the whole sum due from the insurance company, if it is not in dispute, should be paid into court, and all parties interested should be given an opportunity to be heard. The only order we can make is that the appeal be dismissed because no judgment has been entered in the Superior Court. It must be left to that court to consider whether judgment ought to be entered for the four claimants on the finding as it stands, or whether some proceedings should not be had whereby the whole sum which the insurance company · may admit to be due shall be ordered to remain in its hands until final judgment, or to be paid into court to await final judgment, if there is no dispute about the whole amount due, and all persons who seem to have an interest in the amount due shall be given an opportunity to appear and be heard. If the amount of the whole liability of the insurance company is in dispute, it should be considered whether the claimants should not be struck out as parties to the action, and the action be disposed of as an ordinary action at law in such manner as not to prejudice any future claim which the claimants may make to the money due from the insurance company.

*Appeal dismissed.*